**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **TRACY GILLIS-SCHULZE,** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. 4:13-cv-233** |
| | § | **JURY** |
| **COLUMBIA NORTH TEXAS** | § | |
| **SUBSIDIARY GP, L.L.C. d/b/a** | § | |
| **MEDICAL CENTER OF PLANO and** | § | |
| **COLUMBIA MEDICAL CENTER OF** | § | |
| **PLANO SUBSIDIARY, L.P. d/b/a** | § | |
| **MEDICAL CENTER OF PLANO,** | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Tracy Gillis-Schulze ("Plaintiff"), complaining of and about Defendant Columbia North Texas Subsidiary GP, L.L.C. d/b/a Medical Center of Plano and Defendant Columbia Medical Center of Plano Subsidiary, L.P. d/b/a Medical Center of Plano (collectively "Defendants"), and for cause of action shows unto the Court the following:

## PARTIES AND SERVICE

1. Plaintiff Tracy-Gillis Schulze is a citizen of the United States and the State of Texas and resides in Collin County, Texas.

2. Defendant Columbia North Texas Subsidiary GP, L.L.C. d/b/a Medical Center of Plano is a Texas limited liability company doing business in Plano, Collin County, Texas and may be served with process by serving its registered agent authorized to accept service: CT Corporation, 350 N. Saint Paul St., Suite 2900, Dallas, Texas 75201-4234.

3. Defendant Columbia Medical Center of Plano Subsidiary, L.P. d/b/a Medical

Center of Plano is a Texas limited partnership doing business in Plano, Collin County, Texas and may be served with process by serving its registered agent authorized to accept service: CT Corporation, 350 N. Saint Paul St., Suite 2900, Dallas, Texas 75201-4234.

## JURISDICTION

4. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the action arises under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq.,* the Americans With Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and the ADA Amendments Act of 2008.

## NATURE OF ACTION

5. This is an action under 29 U.S.C. § 2601 *et. seq.* to correct violations of the Family and Medical Leave Act (FMLA). This action is also brought under 42 U.S.C. § 12101 *et. seq.* to correct violations of the Americans With Disabilities Act and the ADA Amendments Act of 2008. (ADA)

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction under the FMLA have occurred or been complied with: At the time of termination, Plaintiff was employed for at least 12 months by Defendants and had worked at least 1,250 hours for Defendants in the previous 12 month period prior to her need for leave and had not exhausted her 12 weeks of entitled leave. Thus, Plaintiff is an "Eligible Employee" as defined under 29 U.S.C. § 2611(2). Additionally, Plaintiff would show that based on information and belief, Defendants are a covered "Employer" as defined under 29 U.S.C. § 2611(4).

7. All conditions precedent to jurisdiction under the ADA have occurred or been complied with: a charge of discrimination in violation of the Americans With Disabilities Act and its amendments was filed with the Equal Employment Opportunity Commission within 300 days of the acts complained of herein. Plaintiff's Complaint is filed within 90 days of Plaintiff's receipt of the Equal Employment Opportunity Commission's January 24, 2013 dismissal and notice of right to sue letter.

## FACTS

8. Plaintiff, Tracy Gillis-Schulze, ("Tracy") worked for Defendants from approximately July 2008 through May 10, 2011. Tracy was last employed by Defendants as a Lab Assistant.

9. Tracy was told by Diane McClurg (Lab Director) and Linda Cunningham (HR Manager) that she was being terminated based on attendance. Tracy was told that she had exceeded the number of points allowed under the company's attendance policy.

10. At the time of termination, Tracy had been on a medical leave of absence due to her disability.

11. Tracy's disability is depression. Tracy's depression substantially limits her ability to sleep and wake up, work, focus, concentrate and care for herself.

12. During her employment with Defendants, Tracy was able to perform the essential functions of her Lab Assistant job with reasonable accommodations for her disability.

13. Defendants had an attendance policy with a point system that required counseling, write-ups and termination based on a maximum number of points given for tardies and absences.

14. Prior to the termination, Tracy had been counseled and written up for attendance and tardiness issues on or about March 8, 2011, March 18, 2011 and March 21, 2011.

15. Prior to the March 2011 counselings, Defendants had moved Tracy's shift to an earlier start time (from 5:00 a.m. to 4:30 a.m.). This start time made it difficult on Tracy to get to work timely with her disability. Specifically, the impact of her disability (and related medications) on her sleep patterns limited her ability to sleep and wake up.

16. During the first counseling session on March 8, 2011, Tracy was told by McClurg that she was accumulating points under the policy. Because Tracy's disability was the reason for her tardies, Tracy requested reasonable accommodations for her disability from Diane McClurg and Kay Raleigh (Phlebotomy Coordinator). Tracy suggested a shift switch which would help prevent tardies and absences. Defendants refused, stating that Defendants would not "reward" Tracy's "bad behavior" by letting her switch shifts.

17. Defendants were unwilling to engage in good faith in the interactive process of determining the availability of a reasonable accommodation. Defendants denied Tracy's request for reasonable accommodation and did not offer any other options or request any other suggestions. Defendants also did not offer to discuss reasonable accommodation with Tracy's doctor.

18. This refusal to accommodate left Tracy at risk of being absent and tardy in the future due to her disability. When she was subsequently tardy and absent because of her disability, those were counted against her under the attendance policy and used to terminate her employment.

19. Specifically, Tracy was tardy due to her disability (difficulty sleeping/waking) on or about April 14, 19 and 29, 2011 and May 1 and 2, 2011.

20. On May 2, 2011, Tracy was feeling so depressed that she notified Raleigh that she needed to leave work to go to the doctor. Tracy saw her doctor that day and was initially taken off from work through May 5, 2011 due to her depression. Tracy's doctor recommended that she seek out patient treatment for her depression.

21. Tracy sought a short-term disability leave and FMLA leave. Tracy began a 27-day out-patient medical treatment program for her depression starting May 5, 2011. On May 10, 2011, the disability carrier approved the short-term disability leave from May 3, 2011 (her first day absent) through June 7, 2011.

22. On May 10, 2011, Tracy was notified that she was terminated under the attendance policy. The Defendants counted the May 3, 2011 absence against her as the final absence that exceeded the allowed points under the attendance policy.

23. Defendants did not approve Tracy's absences or otherwise allow for any flexibility for assessing points as a reasonable accommodation for her disability in disciplining and terminating her under the attendance policy. Tracy was granted no reasonable accommodation of an allowance of additional points or other extension of the attendance policy. Further, the absences and tardies at issue for treatment of Tracy's serious health condition should have been designated as protected leave under the FMLA, but instead were counted against her and used to terminate her under the attendance policy.

24. Tracy's termination was retaliatory and discriminatory in violation of the Americans With Disabilities Act, the ADA Amendments Act and the FMLA.

25. As a result of the termination, Plaintiff has suffered damages, including lost wages and lost benefits and mental anguish.

## FAMILY AND MEDICAL LEAVE ACT

26. Plaintiff incorporates the above facts as set forth in paragraphs 8-25.

27. Defendants discriminated against and terminated Plaintiff in retaliation for requesting FMLA leave and instituting an FMLA leave claim in violation of 29 U.S.C. § 2615(b)(1).

28. Defendants also interfered, restrained and/or denied Plaintiff her rights under the Family and Medical Leave Act in violation of 29 U.S.C. § 2615(a)(1)(2) by terminating her employment based on absences due to her serious health condition that should have been protected leave under the FMLA.

29. Defendants intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of the Family and Medical Leave Act.

30. Plaintiff alleges that Defendants willfully discriminated and interfered with Plaintiff's rights under the Family and Medical Leave Act.

## DISCRIMINATION UNDER THE ADA

31. Plaintiff incorporates the above facts as set forth in paragraphs 8-30.

32. Defendants subjected Plaintiff to discrimination based on her disability (depression) by terminating her employment and denying her reasonable accommodations for her disability violation of Americans With Disabilities Act, 42 U.S.C. 12112(a) and 12112(b)(5)(A) and the ADA Amendments Act of 2008.

33. Defendants engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of the Plaintiff, within the meaning of Section

1981a(b)(1) of Title 42 of the United States Code.

## DAMAGES

34. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. Back pay from the date that Plaintiff was terminated;

    b. Front pay, including other wages and compensation employee would have been entitled to;

    c. Loss of employment benefits (past and future);

    d. Mental anguish damages (past and future) and other compensatory damages as permitted by law under the ADA;

    e. Punitive damages as permitted by law under the ADA;

    f. Reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff as permitted by law;

    g. Reasonable and necessary expert witness fees and other costs incurred in pursuit of this suit as permitted by law; and

    h. Pre-judgment and post-judgment interest as permitted by law.

## LIQUIDATED DAMAGES

35. In addition to the above damages, Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed willfully; therefore, Plaintiff also seeks recovery from Defendants for liquidated damages pursuant to 29 U.S.C § 2617(1)(A)(iii).

## SPECIFIC RELIEF

36. Plaintiff additionally seeks the following equitable relief which arises out of the

actions and/or omissions of Defendants described hereinabove:

    a.    Reinstatement of the Plaintiff to the position and pay grade (including benefits) which Plaintiff held but for the unlawful actions of Defendants.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court, interest as allowed by law; attorney fees, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity, including reinstatement to employment.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

/s/ Laura E. Calhoun_____
Laura E. Calhoun
Texas Bar No. 06342400
Law Office of Laura Calhoun, P.C.
5068 W. Plano Pkwy., Suite 300
Plano, Texas 75093
Tel. (972) 447-8301
Fax (972) 447-8302
E-mail:laura@lauracalhounlaw.com
**ATTORNEY FOR PLAINTIFF**

**PLAINTIFF'S ORIGINAL COMPLAINT - PAGE 8**